**E-FILED**
Tuesday, 06 May, 2008  03:28:22 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-30071 |
| | ) | |
| JERRY PIRTLE, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on May 5, 2008, for the sentencing hearing of Defendant Jerry Pirtle.  Defendant Pirtle appeared in person and by his attorney Bruce D. Locher.  The Government appeared by Assistant U.S. Attorney Timothy A. Bass.  On January 2, 2008, Defendant Pirtle pleaded guilty to the charge of distribution of 50 or more grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), as alleged in the Indictment (d/e 3).  The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated April 17, 2008.

The Government had no objections to the PSR.  The Defendant

objected to the finding in the PSR that his sentencing range was 20 years due to the statutory mandatory minium.  He conceded that the statutory 20-year mandatory minimum applied because he had a prior felony drug conviction.  21 U.S.C. § (b)(1)(A).  Pirtle also acknowledged that the Court told him at the time that he entered his guilty plea that he would be subject to the 20-year minimum sentence if he had a prior felony drug conviction. Pirtle argued, however, that changes in the Sentencing Guidelines for crack cocaine should affect the statutory minimum.  For the reasons stated in open court, the Court overruled the objection.  The Court determined that it must follow the statute.

The Defendant had no other objections to the PSR.  The Court, therefore, adopted the findings of the PSR as its own.  Accordingly, the Court found that Defendant Pirtle had a final Offense Level of 27 and was in Criminal History Category II, but because of the statutory mandatory minimum sentence, the resulting advisory Guideline sentencing range was 240 months, in Zone D of the Guidelines.  The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Pirtle's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant

information.  United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).  The Court, however, could not sentence below the mandatory minimum.

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of the Defendant, the Court sentenced Defendant Jerry Pirtle to a term of 240 months imprisonment, to be followed by supervised release for ten years.  The Court ordered Defendant Pirtle to pay a $100.00 special assessment, which was due immediately.  No fine was imposed.  The Court then informed Defendant Pirtle of his right to appeal.

IT IS THEREFORE SO ORDERED.

ENTER:  May 6, 2008

FOR THE COURT:

_____ s/ Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE